IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DRANCY ARNOLD                                                    PLAINTIFF

v.                        Civil No. 5:15-cv-5287

SHERIFF TIM HELDER; WASHINGTON
COUNTY SHERIFF'S DEPARTMENT
WASHINGTON COUNTY, ARKANSAS; and
OFFICER T.J. RENNIE, et al.                                      DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by the Plaintiff Drancy Arnold pursuant to 42 U.S.C.

§ 1983.   The case is currently before the Court on the partial motion to dismiss (Doc. 8)

filed by the Washington County Defendants.  Arnold has not responded to the motion.

### I. BACKGROUND

According to the allegations of the complaint (Doc. 1), Arnold was pulled over by

Officers T.J. Rennie, Cpl. McDaniel, and Tanner Jones of the Washington County Sheriff's

Department without any lawful cause and was then unlawfully detained.  Arnold further

alleges that he sustained excessive force and was tased in an unreasonable and excessive

fashion and for an unreasonable and excessive period of time.  Arnold seeks general and

special damages against all Defendants.

The Defendants move, pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure for dismissal of the Complaint as against the Washington County Sheriff's

Department as it is not an entity capable of being sued under 42 U.S.C. § 1983. Further,

as the Defendants point out, Washington County is already a party defendant to this

-1-

lawsuit because it has been named separately and because Sheriff Helder and Defendant Rennie have been sued in their official capacities.

## II. LEGAL STANDARD

A sheriff's department is not a person or a legal entity subject to suit under § 1983. *See e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

The Eighth Circuit has expressly held that dismissal of a police department is proper in a § 1983 suit because a police department is only a "subdivision of the City" and, therefore, not a "jurisdictional [entity] suable as such." *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Likewise, a county Sheriff's Department has been held not to be an entity capable of being sued as it is only a department or subdivision of the county. *See e.g., Brown v. Crittenden County*, 2007 WL 4191730 (E.D. Ark. 2007).

## III. DISCUSSION

Under the case law set out above, the Washington County Sheriff's Department should be dismissed as a Defendant to the case at bar. It is not a person or entity subject to suit under 42 U.S.C. § 1983. Moreover, due to the inclusion of the official capacity claims against Sheriff Helder and Defendant Rennie and the fact that Washington County, Arkansas has been separately named as a defendant, no prejudice to the Plaintiff will

result from the dismissal.

## IV.  CONCLUSION

Accordingly, the partial motion to dismiss (Doc. 8) filed by the Washington County Defendants is **GRANTED.**   The claims against the Washington County Sheriff's Department are **DISMISSED.**

**IT IS SO ORDERED** on this ___ day of September, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE